## INCARDONIA v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 20, 1926.)

No. 4629.

Criminal law ⬅1059(2).

Part of charge complained of, not separately excepted to, *held* not properly presented for review.

In Error to District Court of the United States for the Eastern District of Louisiana; Charles R. Beattie, Judge.

Vincent Incardonia was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

Clarence J. Dowling, of New Orleans, La., for plaintiff in error.

Wayne G. Borah, U. S. Atty., and Arthur A. De la Houssaye, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

PER CURIAM. The plaintiff in error, who was convicted of violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), complains of the overruling of a motion to quash a search warrant, and of part of the charge given by the court. The motion to quash the search warrant was based on allegations to the effect that the premises searched were not those described in the search warrant. The record does not show that the evidence was such as to require the conclusion that those allegations were sustained. There was evidence tending to prove that the premises searched were those described in the search warrant. The part of the court's charge which is complained of is not properly presented for review, as it was not separately excepted to, the exception reserved being to the charge as a whole. Obviously, much of the charge was not subject to objection.

The judgment is affirmed.

---

## THE BEAR.

(District Court, E. D. New York. February 11, 1925.)

1. Towage ⬅11(8).

No recovery can be had of a tug for injury to its tow, merely because of taking it through floating ice, soft and broken by tugs.

2. Towage ⬅15(2).

There is no presumption of negligence from injury to tow; but negligence, which was proximate cause, must be proved as pleaded.

3. Towage ⬅15(2)—Tug's negligence in towing barge alongside through ice, instead of at stern on short hawsers, held cause of injury to tow.

Injury to tow, nose of which was broken by floating ice, *held*, under evidence, caused by negligence in attempting to force barge, while alongside, through the ice, instead of towing it at the stern on short hawsers.

In Admiralty. Suit by Joseph Clark against the steam tug Bear; the Cornell Steamboat Company, claimant. Decree for libelant.

Decree affirmed 11 F.(2d) 608.

Macklin, Brown & Van Wyck, of New York City (Richard F. Lenahan, of New York City, of counsel), for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Robert S. Erskine, of New York City, of counsel), for claimant.